UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-CV-12361-NMG

JOHN F. NEVULIS,   )
                   )
     Plaintiff,    )
                   )
     v.            )
                   )
CITY OF BOSTON,    )
                   )
     Defendant.    )

PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S OPPOSITION TO DEFENDANT CITY OF BOSTON'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT

I. PLAINTIFF DOES NOT OPPOSE DISMISSAL OF COUNT II.

Shortly before the statute of limitations was to run late last year, the plaintiff filed its two-count complaint in the Boston Municipal Court. In doing so, the plaintiff fully expected this relatively small case to settle shortly thereafter. Instead, and despite that monetary recovery is severely limited in the Boston Municipal Court, the defendant literally made a federal case out of the action by removing it to the United States District Court on the basis that Count II, claiming a violation of the Americans with Disabilities Act, presented a federal question.

While the plaintiff continues to believe that Count II states a claim on the facts alleged (indeed, the defendant in its Memorandum of Law effectively concedes that viability of Count II is arguable), the plaintiff does not oppose dismissal of Count II. The reasons for not opposing dismissal of Count II are that the plaintiff wishes to simplify the resolution of his case and thereby serve the economy of the parties and of the court by enabling the court to remand the action to the Boston Municipal Court, there no longer being a federal question before the United States District Court.

Removal jurisdiction is governed by 28 U.S.C. § 1441. Subsection (c) provides (emphasis added):

> Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, *or, in its discretion, may remand all matters in which State law predominates.*

Given the presumed imminent dismissal of the Count II of the plaintiff's complaint, the court shall have no reason to exercise pendant jurisdiction over the state-law claim (Count I—"Injury from Defective Way, G.L. c. 84, § 15") and therefore the plaintiff respectfully looks forward to a remand of the case to the Boston Municipal Court.

Under the circumstances, it is submitted that it would be appropriate for the federal court to remand the case to the Boston Municipal Court

2

without ruling on the defendant's motion to dismiss Count I. In that way the state court will be able to rule on the state-law claim, while in the meantime the defendant, if it wishes, may renew its motion to dismiss that claim in state court.

## II. COUNT I OF PLAINTIFF'S COMPLAINT STATES A CLAIM.

In the event, however, that the federal court chooses to hear and rule on the defendant's motion to dismiss Count I (the state-law claim), the plaintiff argues that the defendant's analysis of the application of G.L. c. 84, § 15 to the facts alleged in the plaintiff's complaint is erroneous on every material point.

The defendant asserts, without any basis in interpretative authority or any analysis of the defendant's own, that "Plaintiff cannot prove . . . a defect existed." Defendant's Memorandum at 19. It is a factual issue under the circumstances presented whether the absence of a curb ramp constituted a defect under the statute. As the Massachusetts Supreme Judicial Court stated in Sears v. Inhabitants of Town of Greenfield, 287 Mass. 445, 447, 192 N.E. 1-2 (1934) (emphasis added):

> What is reasonable care is never a fixed or inflexible thing; it varies with the circumstances calling for its exercise. Manifestly an extent or character of a projection or depression in a highway which under one set of attendant circumstances would amount to an actionable *defect* by reason of the statute would not

3

> necessarily under other and different conditions constitute such
> a *defect*.

The plaintiff would agree with the defendant that "the absence of a curb cut [sic], without more, does not constitute a defect under Chapter 84." <u>Id.</u> But there is more. The sidewalk corner opposite the sidewalk-corner site of the accident *had* a curb ramp, from which the plaintiff began his fateful journey. That fact would lead any reasonable and prudent disabled person like the plaintiff confined to a wheelchair to believe that a corresponding ramp existed across the street and that his journey across the street and onto the opposite sidewalk would be safe. The plaintiff's conduct was far from "careless and negligent" and his conduct was hardly the proximate and legal cause of his injuries, though the defendant simply concludes otherwise. <u>Id.</u>

Indeed, contrary to the defendant's view that "[t]here is nothing to support Plaintiff's contention that a missing curb ramp renders the public way at the intersection of Telegraph and Dorchester Streets unsafe for travel . . . ," <u>id.</u>, what supports the plaintiff's contention are the signals telegraphed to the plaintiff in the layout of the adjoining intersections. Those signals were just as clear as a green light or a sign saying "Curb Ramp Ahead."

There is no logical or functional difference between the injury-causing layout in this case and the other conditions held to be defects under the statute. <u>Hanson v. City of Worcester</u>, 346 Mass. 51, 190 N.E.2d 106 (1963)

> necessarily under other and different conditions constitute such
> a *defect*.

The plaintiff would agree with the defendant that "the absence of a curb cut [sic], without more, does not constitute a defect under Chapter 84." <u>Id.</u> But there is more. The sidewalk corner opposite the sidewalk-corner site of the accident *had* a curb ramp, from which the plaintiff began his fateful journey. That fact would lead any reasonable and prudent disabled person like the plaintiff confined to a wheelchair to believe that a corresponding ramp existed across the street and that his journey across the street and onto the opposite sidewalk would be safe. The plaintiff's conduct was far from "careless and negligent" and his conduct was hardly the proximate and legal cause of his injuries, though the defendant simply concludes otherwise. <u>Id.</u>

Indeed, contrary to the defendant's view that "[t]here is nothing to support Plaintiff's contention that a missing curb ramp renders the public way at the intersection of Telegraph and Dorchester Streets unsafe for travel . . . ," <u>id.</u>, what supports the plaintiff's contention are the signals telegraphed to the plaintiff in the layout of the adjoining intersections. Those signals were just as clear as a green light or a sign saying "Curb Ramp Ahead."

There is no logical or functional difference between the injury-causing layout in this case and the other conditions held to be defects under the statute. <u>Hanson v. City of Worcester</u>, 346 Mass. 51, 190 N.E.2d 106 (1963)

(hole in crosswalk causing injury) <u>Whittaker v. Town of Brookline</u>, 318 Mass. 19, 60 N.E.2d 85 (1945) (scaffolding on sidewalk causing pedestrian to fall); <u>Reagan v. Town of Belmont</u>, 316 Mass. 467, 55 N.E.2d 765 (1944) (concrete block rising above sidewalk level causing pedestrian to fall). The plaintiff in the instant case could no more avoid his accident than the accidents created as a result of defects litigated in the cases just cited. Indeed, what makes the plaintiff's case even more compelling and the alleged defect even more certain, is that the City of Boston beckoned the plaintiff to wheel across the street and to find himself in the predicament that caused him harm. Or so a fact-finder reviewing all the circumstances could determine. <u>Sears v. Inhabitants of Town of Greenfield</u>, <u>supra</u>.

The defendant concludes its argument by saying that because the Americans with Disabilities Act did "not require the City to retrofit existing facilities, the City was not legally obligated to install a curb ramp where Plaintiff fell . . ." and therefore "there was no negligence on the part of the City as to the absence of a curb ramp at the relevant intersection . . . ." Defendant's Memorandum at 20. The defendant's view is pinched and illogical. The defendant would have the court believe that the source of the City's obligations is the Americans with Disabilities Act simply because curb ramps are among the items that the Act's application happens to address.

Certainly if under the Act the City should have constructed a curb ramp where the plaintiff fell before the time the plaintiff fell, the plaintiff's case under state law, *i.e.*, G.L. c. 84, § 15, would be all the stronger, given the added obligation. Even if, however, the City had been under no obligation under the federal statute to build a curb ramp at Telegraph and Dorchester Streets, that would hardly mean that the City had no obligation to abate the defect under state law and take the consequences if it had failed to do so. The Americans with Disability Act does not preempt the field of curb ramps.

The defendant's argument in support of its motion focuses on whether the non-ramped curb constituted a defect, which is the first element in the five elements the defendant extracts from the G.L. c. 84, § 15 —namely, "(1) there was a defect on the way; (2) which the City was 'obligated by law to maintain'; (3) the way was a public way; (4) the person was a traveler on the way; and (5) the City of Boston had actual or constructive knowledge of the alleged defective condition." Defendant's Memorandum at 18-19. The plaintiff has already addressed element #1. The defendant does not dispute that the sidewalk was a public way (element #3) or that the City was obligated to maintain it (element #2) or that the plaintiff was a traveler on the way (element #4). Nor does the defendant dispute that the City of Boston had actual or constructive knowledge of the alleged defect (element

6

#5). All such elements, including the first, raise questions for the fact-finder, see, e.g., Hanson v. City of Worcester, 346 Mass. 51, 190 N.E.2d 106 (1963) (fact question on how defect existed in order for the city to be charged with knowing about it), and none of them is resolvable against the plaintiff as a matter of law at this stage of the litigation.

The plaintiff's complaint is well pleaded. The facts alleged are few and simple but nonetheless are more than sufficient to state a claim under G.L. c. 84, § 15 and therefore should resist the defendant's motion to dismiss for failure to state a claim.

## III. CONCLUSION

For the foregoing reasons this Honorable Court should deny the defendant's motion to dismiss Count I and remand this matter to the Boston Municipal Court.

        The plaintiff,

        By His Attorney,

        /s/ Francis J. Harney
        FRANCIS J. HARNEY - BBO No. 221920
        6 Beacon Street - Suite 205
        Boston, MA 02108
        (617) 227-2863

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorneys* of record for each other party by mail __1-7-05__.

_____
Francis J. Harney

*Kate Cook, Esq.
*Susan Weise
Assistant Corporation Counsel
City of Boston Law Department
Room 615
City Hall
Boston, MA 02201